IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROGER W. STONE, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | |
| v. | ) | No.  07-3198 |
| | ) | |
| OTTAWA PLANT FOOD, INC., | ) | Appeal from the |
| | ) | U.S. Bankruptcy Court |
| Defendant/Appellant. | ) | Central District of Illinois |
| | ) | Adversary Proceeding |
| | ) | No. 01-07091 |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant/Appellant Ottawa Plant Food, Inc.'s (Ottawa) Motion to Dismiss Cross-Appeal for Lack of Subject Matter Jurisdiction (d/e 4).  Ottawa asks for oral argument on the Motion.  The parties have thoroughly briefed the Motion, so oral argument is not necessary.  For the reasons set forth below, the Motion is denied.

On March 30, 2007, the Bankruptcy Court entered an Opinion and Order finding Ottawa liable to Plaintiff/Appellee Roger W. Stone, as Trustee for the Debtor Hennings Feed and Crop Care, Inc., in the sum of $522,579.61.  <u>Memorandum of Law in Support of Motion to Dismiss</u>

1

Cross-Appeal for Lack of Subject Matter Jurisdiction (d/e 5) (Memorandum), Exhibit D, Bankruptcy Order entered May 31, 2007 (May 31 Order), at 2.  On April 9, 2007, Ottawa filed a Notice of Appeal.  Memorandum, Exhibit A, Notice of Appeal.  On the same date, Stone file a Motion to Reconsider.  Memorandum, Exhibit B, Motion to Reconsider.  The Bankruptcy Court denied Stone's Motion to Reconsider on May 31, 2007.  May 31 Order, at 7.  Stone filed his Notice of Cross-Appeal on June 5, 2007.  Memorandum, Exhibit E, Notice of Cross-Appeal.  Ottawa now moves to dismiss Stone's Notice of Cross-Appeal as untimely.

    A party who wishes to appeal an order of the Bankruptcy Court must file a notice of appeal within ten days of the entry of the order, unless the party files a motion to alter or amend the order within the same ten-day period.  Bankruptcy Rules 8002 and 9023.  If a party files a motion to alter or amend the order, then the notice of appeal must be filed within ten days of the entry of the order ruling on the motion.  Bankruptcy Rule 8002(b)(2).  Stone filed a Motion to Reconsider, which is deemed to be a motion to alter or amend the Order.  See Charles v. Daley, 799 F.2d 343, 347 (7th Cir. 1986).  He, thus, had ten days after the Bankruptcy Court ruled on the Motion to Reconsider to file his cross appeal.  The Bankruptcy

Court ruled on the Motion to Reconsider on May 31, 2007. Hence, Stone's Notice of Cross-Appeal, filed on June 5, 2007, was timely.

Ottawa argues that Stone's Motion to Reconsider failed to toll the time to file a notice of appeal because the Motion to Reconsider did not state the grounds for the Motion with particularity. Bankruptcy Rule 9013. The Court has reviewed Stone's Motion to Reconsider and finds that he stated his grounds with sufficient particularity for purposes of Rule 9013. See St. Marys Hosp. Medical Center v. Heckler, 753 F.2d 1362, 1365 (7th Cir. 1985) (a motion to alter or amend a judgment, "need only be in writing, specify the grounds on which the motion is based, and request relief"). The cases in which the Seventh Circuit found that motions to alter or amend lacked particularity involved motions which stated no grounds for relief at all. Talano v. Northwestern Medical Facility Foundation, Inc., 273 F.3d 757, 760 (7th Cir. 2001) (motion only stated that there were "several reasons" to alter or amend the judgment); Martinez v. Trainor, 556 F.2d 818, 819 (7th Cir. 1977) (motion gave no grounds at all). That is not the case here. Ottawa's Motion to Dismiss is denied.

THEREFORE, Ottawa Plant Food, Inc.'s (Ottawa) Motion to Dismiss Cross-Appeal for Lack of Subject Matter Jurisdiction (d/e 4) is DENIED.

Ottawa is directed to file its initial brief on or before October 9, 2007. Stone shall file his initial brief within fifteen days after service of Ottawa's brief, which brief shall respond to Ottawa's initial brief and shall also contain issues and arguments pertinent to his cross-appeal. Ottawa's reply is due ten days after service of Stone's initial brief, which brief shall also respond to the issues and arguments pertinent to Stone's cross-appeal. Stone's reply is due ten days after service of Ottawa's reply, which brief shall only reply to issues presented in the cross-appeal. See Bankruptcy Rule 8009.

IT IS THEREFORE SO ORDERED.

ENTER:

    FOR THE COURT:

                      s/ Jeanne E. Scott
                      JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE